IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CROWN EQUIPMENT CORPORATION,      :

       Plaintiff,      :
                                 Case No. 3:04cv007

       vs.      :
                      JUDGE WALTER HERBERT RICE

FLORIDA LIFT SYSTEMS, INC.,      :

       Defendant.      :

---

DECISION AND ENTRY OVERRULING, AS MOOT, PLAINTIFF'S
MOTIONS TO STRIKE DEFENDANT'S REPLY (DOC. #118); DECISION
AND ENTRY OVERRULING, AS MOOT, PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S NOTICE OF VOLUNTARY DISMISSAL
(DOC. #121); DECISION AND ENTRY OVERRULING, AS MOOT,
PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #123);
DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE,
PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT
(DOC. #126); DECISION AND ENTRY OVERRULING, AS MOOT,
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL
MEMORANDUM (Doc. #127); DECISION AND ENTRY OVERRULING,
AS MOOT, DEFENDANT'S MOTION FOR EXTENSION OF TIME
(DOC. #129); DECISION AND ENTRY SUSTAINING DEFENDANT'S
MOTION FOR LEAVE TO FILE SURREPLY (DOC. #132); FURTHER
PROCEDURES ESTABLISHED

---

When this litigation was initiated, Defendant was a distributor of lift trucks

manufactured by Plaintiff.  The parties' relationship had been governed by a

distributorship agreement, which contained a provision requiring that they resolve

all disputes arising out their distributorship relationship through arbitration.  Plaintiff

brought this litigation seeking an order compelling the Defendant to arbitrate its claims arising out of its (Plaintiff's) decision to terminate that relationship.  The Defendant set forth a Counterclaim. which contains a number of claims which allege that the Plaintiff's decision to terminate the distributorship agreement violated state and federal law.  See Doc. #7.  The Court sustained the Plaintiff's Motion for Summary Judgment on the Issue of Arbitrability (Doc. #19), thus ordering that this dispute, including the claims of the Defendant set forth in its Counterclaim, be arbitrated.  See Doc. #49.  At Defendant's request, it directed that arbitration to take place before a mutually agreed upon arbitrator other than that which was identified in the distributorship agreement.  Id.  The Court also declined to grant the Plaintiff's request for summary judgment on the merits of the claims set forth in Defendant's Counterclaim, concluding that it was up to the arbitrator to resolve those claims.  Id.

After conducting an evidentiary hearing, the Court, in an oral decision rendered on July 9, 2004, denied Defendant's request for a preliminary injunction, which would have prevented Plaintiff from terminating the distributorship agreement pending completion of the arbitration process.  See Doc. #94.[1]  Thereafter, the parties' dispute went to arbitration, with the Defendant pursuing only its claims that the termination of the distributorship arrangement constituted a breach of the distributorship agreement and that it violated the Ohio Motor Vehicle Dealers Act ("OMVDA"), Chapter 4517 of the Ohio Revised Code.  After the parties had completed the arbitration, the arbitrator made his award, concluding

---

[1]Although the transcript of that oral decision was initially filed under seal, the Court subsequently ordered that transcript to be unsealed.  See Doc. #135.

that the termination of the arrangement between the parties neither breached their agreement, nor violated the OMVDA.  Thereafter, this Court sustained the Plaintiff's unopposed request to confirm the arbitrator's award.  See Doc. #135.  In addition, Defendant has filed a notice, purporting to dismiss its counterclaims without prejudice.  See Doc. #119.  In response, Plaintiff has moved to strike that notice.  See Doc. #121.  The Defendant has also filed a renewed motion, with which it seeks summary judgment on the remaining claims in Defendant's Counterclaim.  See Doc. #126.  Herein, the Court rules upon Plaintiff's Motion to Strike Notice of Voluntary Dismissal (Doc. #121) and its Renewed Motion for Summary Judgment (Doc. #126), as well as upon Defendant's Motion for Extension of Time (Doc. #129), with which Defendant seeks to extend the time in which it has to file its response to Plaintiff's renewed request for summary judgment.[2]  As a means of analysis, the Court will initially rule upon Plaintiff's Motion to Strike Notice of Voluntary Dismissal (Doc. #121).[3]

In its Counterclaim (Doc. #7), the Defendant set forth six claims for relief, to wit: an antitrust claim of concerted refusal to deal in violation of §§ 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and 2 (First Claim for Relief); an antitrust claim of restraint of trade in violation of 15 U.S.C. § 14 (Second Claim for Relief); an

---

[2]In addition, the Court overrules, as moot, Plaintiff's Motion for Reconsideration (Doc. #123), with which it requested that the Court reconsider the sealing of the transcript of its oral decision denying Defendant's request for injunctive relief pending arbitration, given that the Court has ordered that transcript unsealed.  See Doc. #135.  The Court also overrules, as moot, Plaintiff's Motions to Strike Defendant's Reply (Doc. #118) and for Leave to File a Supplemental Memorandum (Doc. #127), given that both are related to the request to unseal the transcript.

[3]The Court sustains Defendant's Motion for Leave to File Surreply (Doc. #132), and has considered the arguments therein when ruling upon Plaintiff's Motion to Strike (Doc. #121).

antitrust claim under the Valentine Act, Chapter 1331 of the Ohio Revised Code

(Third Claim for Relief); a claim predicated upon the Ohio Motor Vehicle Dealers

Act, Chapter 4517 of the Ohio Revised Code (Fourth Claim for Relief); a common

law claim of tortious interference with business relationships (Fifth Claim for

Relief); and a common law claim of civil conspiracy (Sixth Claim for Relief).  During

this litigation, Defendant has also contended that the Plaintiff's termination of their

distributorship arrangement constituted a breach of contract, i.e., the

distributorship agreement, although it did not specifically set forth such a claim in

its Counterclaim.[4]  The Defendant has filed a notice with which it attempts to

voluntarily dismiss, without prejudice, all claims in its Counterclaim, except those

for breach of contract and violation of the OMVDA.  See Doc. #119.  In response,

Plaintiff has filed its Motion to Strike Notice of Voluntary Dismissal (Doc. #121), in

which it initially argues that Defendant's attempt to unilaterally dismiss those

claims is invalid, because the Notice does not comply with the requirements of

Rule 41 of the Federal Rules of Civil Procedure.  For reasons which follow, this

Court agrees.

The ability of a party to dismiss its complaint, counterclaim, cross-claim or

third-party claim is governed Rule 41, which provides in pertinent part:

> (a) Voluntary Dismissal: Effect Thereof.
> (1) By Plaintiff; by Stipulation.  Subject to the provisions of Rule 23(e), of
> Rule 66, and of any statute of the United States, an action may be
> dismissed by the plaintiff without order of court (i) by filing a notice of
> dismissal at any time before service by the adverse party of an answer or of
> a motion for summary judgment, whichever first occurs, or (ii) by filing a

---

[4]Given that a pleading can be amended to conform to the evidence (see Fed. R. Civ. P. 15(b)), the Court assumes for present purposes that the Defendant set forth a claim for breach of contract in its Counterclaim.

- 4 -

stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

*          *          *

(c) Dismissal of Counterclaim, Cross-Claim, or Third-Party Claim.  The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim.  A voluntary dismissal by the claimant alone pursuant to paragraph (1) of subdivision (a) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

In filing its Notice of Voluntary Dismissal (Doc. #119), Defendant acted unilaterally. In other words, it neither sought or obtained approval from the Court nor the Plaintiff's consent.  Therefore, Defendant's Notice is effective only if it was in compliance with Rule 41(a)(1).  However, since Plaintiff previously filed its Reply to Defendant's Counterclaim (see Doc. #10), the Defendant lacked authority in accordance with Rule 41(c), to act unilaterally in dismissing its Counterclaim, without prejudice.[5]  Nevertheless, Defendant argues that the Court should treat its Notice of Dismissal as a request to dismiss its Counterclaim, without prejudice, in accordance with Rule 41(a)(2).  Since Plaintiff addressed that possibility in both its

---

[5]It is not questioned that a reply to a counterclaim is a responsive pleading.  See Fed. R. Civ. P. 7(a) (defining a reply to a counterclaim as a pleading).

motion and reply memorandum (see Docs. ##121 and 128), the Court will treat

Defendant's Notice of Voluntary Dismissal (Doc. #119), as a motion to dismiss

without prejudice, under Rule 41(a)(2).[6]  The Court begins its analysis of the

question of whether to dismiss the Defendant's Counterclaim in accordance with

Rule 41(a)(2), by reviewing the applicable legal standards.

The Sixth Circuit has repeatedly held that a motion to dismiss pursuant to

Rule 41(a)(2) is commended to the discretion of the District Court.  Pinney Dock &

Transport Co. v. Penn Central Corp., 196 F.3d 617, 620 (6th Cir. 1999); Grover v.

Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994).  In Grover, the Sixth Circuit

discussed dismissal under Rule 41(a)(2):

> The primary purpose of [Rule 41(a)(2)] in interposing the requirement of
> court approval is to protect the nonmovant from unfair treatment.
> Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176, 177 (5th Cir. 1990).
> Generally, an abuse of discretion is found only where the defendant would
> suffer "plain legal prejudice" as a result of a dismissal without prejudice, as
> opposed to facing the mere prospect of a second lawsuit.  Cone v. West
> Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947); Kovalic v. DEC Int'l,
> Inc., 855 F.2d 471, 473 (7th Cir. 1988).
>
> In determining whether a defendant will suffer plain legal prejudice, a
> court should consider such factors as the defendant's effort and expense of
> preparation for trial, excessive delay and lack of diligence on the part of the
> plaintiff in prosecuting the action, insufficient explanation for the need to
> take a dismissal, and whether a motion for summary judgment has been filed
> by the defendant.  Kovalic, 855 F.2d at 474 (citing Pace v. Southern
> Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).

Id.  In Grover, the District Court certified a dispositive question of state law to the

Ohio Supreme Court, which answered the question in favor of the defendant, thus

---

[6]Given that the Defendant's Notice of Voluntary Dismissal will not result in the
unilateral dismissal of its Counterclaim in accordance Rule 41(a)(1) and (c), the
Court overrules, as moot, the Plaintiff's Motion to Strike Notice of Voluntary
Dismissal (Doc. #121).

entitling it to prevail in the lawsuit.  However, rather than enter judgment in favor

of defendant as a result, the District Court granted plaintiffs' request to dismiss the

matter without prejudice under Rule 41(a)(2).  In reversing, the Sixth Circuit

concluded that the District Court had abused its discretion in dismissing the action

without prejudice, because the defendant had prevailed on the dispositive issue in

the case as a result of the decision by the Ohio Supreme Court on certification,

writing:

> At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice.  See Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose."); see also Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 987 (5th Cir. 1989) (loss of absolute legal defense, here statute of limitations, plain legal prejudice);Ikospentakis, 915 F.2d at 176 (loss of forum non conveniens defense plain legal prejudice).

Id. at 719.  Of course, by its terms, Rule 41(a)(2) permits a court to condition

dismissal without prejudice on the moving party's acceptance of terms.

As an initial matter, Plaintiff argues that Defendant's Notice of Dismissal

fails to comply with Rule 41(a), because Defendant thereby purported to dismiss

some but not all of the claims set forth in its Counterclaim.  According to Plaintiff,

Defendant did not attempt to dismiss, without prejudice, its claims arising out of

its (Plaintiff's) alleged breach of contract and violation of the OMVDA.  Since Rule

41(a) is phrased in terms of dismissal of an action, rather than of a claim, the Court

will assume that Defendant was not authorized by Rule 41(a) to dismiss or to seek

dismissal of some but not all of the claims set forth in its Counterclaim.  See

Leatherer v. Alger Group, L.L.C., 328 F.3d 262 (6th Cir. 2003) (discussing the

question of whether Rule 41(a) can be used by a plaintiff to dismiss its claims

against some but not all defendants, but ultimately concluding that the District Court's dismissal of claims against only one defendant was permissible under Rule 21 of the Federal Rules of Civil Procedure). Nevertheless, this Court cannot conclude that the Defendant is now seeking to have the Court dismiss only some of the claims in its Counterclaim.[7] An arbitrator has ruled in favor of Plaintiff on the claims on which Defendant has not requested dismissal (i.e., breach of the distributorship agreement and violation of the OMVDA), and the Court has sustained the Plaintiff's unopposed request to confirm the arbitrator's award. See Doc. #135. As a consequence, Defendant's claims arising out of Plaintiff's alleged breach of the distributorship agreement and violation of the OMVDA have been fully litigated. In other words, no aspect of those claims could be dismissed without prejudice under Rule 41(a)(2). Accordingly, the Court rejects Plaintiff's assertion that Rule 41(a) does not permit the Court to dismiss Defendant's claims, since Defendant is not seeking dismissal of all claims it set forth in its Counterclaim.

Additionally, Plaintiff argues that the Court should not dismiss the remaining claims set forth in Defendant's Counterclaim, without prejudice, because it will suffer plain legal prejudice as a result of such a dismissal due to the amount of time and money it has expended litigating those claims in this forum.[8] In the

---

[7]It bears emphasis that the Court has concluded above that the Defendant's Notice of Dismissal was not effective under Rule 41(a)(1). In addition, the Court has acceded to Defendant's request that it treat the Notice as a request to dismiss under Rule 41(a)(2).

[8]Plaintiff also presents the argument that the Court should dismiss the remaining claims in Defendant's Counterclaims, with prejudice. The Sixth Circuit has indicated, however, one of the factors a court should consider, before dismissing an action with prejudice, is whether it has given notice of its intent to do so.

alternative, Plaintiff suggests that, if those claims are dismissed without prejudice, the Court should impose conditions on Defendant in order to ensure that it (Plaintiff) does not suffer prejudice.  In particular, the Plaintiff contends that the Court should require Defendant to compensate it (Plaintiff) for the costs, including reasonable attorney's fees, it incurred to prepare its two requests for summary judgment on Defendant's Counterclaim (Docs. ##25 and 126), its Memorandum in Opposition to Defendant's Motion for Preliminary Injunction (Doc. #45) and its Motion to Strike (Doc. #121).[9]  The Court will not require, as a condition of dismissal without prejudice, that Defendant compensate Plaintiff for the costs and fees it incurred to file its Memorandum in Opposition to Defendant's Motion for Preliminary Injunction (Doc. #45).  The purpose of Defendant's request for injunctive relief was to prevent the termination of the distributorship pending arbitration, rather than to have this Court rule on the merits of the claims in

---

Jones v. Lemke, 1999 U.S. App. Lexis 2291 (6th Cir. 1999).  Since this Court has not given notice to Defendant of its intent to dismiss its remaining claims, with prejudice, the Court will not do so, at present.

[9]Plaintiff also requests that the Court impose a venue restriction, as a condition to dismissal without prejudice, under which Defendant would be required to litigate its remaining claims in the United States District Court for the Southern District of Ohio.  The Court will not impose such a restriction.  To support this particular request, Plaintiff relies upon Bentz v. Reed Elsevier, 2000 U.S. Dist. Lexis 20370 (S.D.Ohio 2000).  In Bentz, this Court dismissed plaintiffs' claims without prejudice, on the condition that those claims, if brought again, be brought in the United States District Court for the Southern District of Ohio.  That litigation had been brought in the Southern District of New York, and the defendants had litigated and prevailed upon their request to transfer venue to the United States District Court for the Southern District of Ohio.  The venue restriction therein prevented the defendants from being deprived of their victory in the hard fought battle over venue.  Herein, in contrast, there has been no comparable dispute concerning venue, since the plaintiff initiated this lawsuit here.  Therefore, unlike the defendants in Bentz, Plaintiff does not need a venue restriction to prevent it from being deprived of such a victory.

Defendant's Counterclaim.  However, since Defendant's payment of the costs and fees Plaintiff incurred to prepare the other papers will sufficiently ameliorate the prejudice it will suffer as a result of dismissal of Defendant's remaining claims without prejudice, the Court will so dismiss the First through Third, Fifth and Sixth Claims for Relief in Defendant's Counterclaim.

Accordingly, if it agrees with the foregoing condition, the Defendant must file with the Court, within 20 days from date, a statement, indicating that it agrees to pay the reasonable attorney's fees and costs Plaintiff has incurred preparing its two requests for summary judgment on Defendant's Counterclaim (Docs. ##25 and 126) and its Motion to Strike (Doc. #121).  If Defendant files such a statement, the Court will immediately enter an order, dismissing the Defendant's remaining claims, without prejudice, and terminating this litigation.  In addition, Plaintiff shall have 30 days after Defendant files such a statement in which to file a request for attorney's fees and costs, supported by appropriate evidence.[10]  The parties may thereafter brief the matter in accordance with the local rules.  If Defendant does not agree with the foregoing conditions on dismissal of its remaining claims, it shall have 20 days from date in which to file a memorandum setting forth its reasons why this Court should not dismiss those claims with prejudice.  The Plaintiff may file a reply within 10 days thereafter.  The Court will then decide whether to dismiss the remaining claims in Defendant's claims, either without prejudice and condition or with prejudice.  Given that the Court will resolve the matter in that fashion, it overrules, without prejudice,

---

[10]Requests for attorney's fees and costs are routinely addressed in post-judgment proceedings.  White v. New Hampshire Dept. of Employment Security, 455 U.S. 445 (1982).

- 11 -

Plaintiff's Renewed Motion for Summary Judgment (Doc. #126), and overrules, as

moot, Defendant's Motion for Extension of Time (Doc. #129).


September 26, 2005

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.